IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AARON LUNA CRUZ,<br><br>               Petitioner,<br><br>   vs.<br><br>JEROME KRAMER, Sheriff, Lincoln County Jail; DAVID EASTERWOOD, Acting Field Office Director, St. Paul Field Office, U.S. Immigration & Customs Enforcement, Enforcement & Removal Operations; TODD M. LYONS, Acting Director, U.S. Immigration & Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General; and DAREN K. MARGOLIN, Director, Executive Office of Immigration Review;<br><br>               Respondents. | **4:26CV3166**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Aaron Luna Cruz's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held without being afforded a bond hearing before an immigration judge. Respondents argue Petitioner is not entitled to a bond hearing and is properly detained. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

I.    BACKGROUND

Petitioner is a native and citizen of Mexico. Filing No. 1 at 11. He entered the United States without inspection in July 2000. Id. On April 13, 2026, Petitioner was arrested for driving under suspension. Id. On April 17, 2026, DHS issued a warrant for Petitioner's arrest and detained him pursuant to INA § 235(b)(2)(A) which requires mandatory detention for arriving aliens seeking admission. Filing No. 11-2 at 1.

1

Petitioner seeks a writ of habeas corpus ordering Respondents to release him. Filing No. 1.

## II.    STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed.*

*Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed.  The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But the statutory-interpretation argument does not end the Court's inquiry.  The undersigned recently determined that a non-citizen's detention without the opportunity for a bond violated his due process rights under the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, (1976).  *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026).  For the same reasons set forth in greater detail in that opinion, the undersigned concludes Respondents have violated Petitioner's due process rights in this case.

The Court finds Petitioner must be released.  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . .  The typical remedy for such detention is, of course, release.").  Should Respondents choose to re-detain Petitioner, they must afford him a bond hearing wherein the burden is on the Government to demonstrate a flight risk or a danger to the community.

IT IS ORDERED

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.

3

3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

4. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on June 23, 2026.**

5. Should Respondents re-detain Petitioner pursuant to a warrant, they must afford him a prompt bond determination hearing as described herein.

6. Respondent is ordered to attend all hearings and proceedings in the immigration court, including that presently scheduled for July 9, 2026.

Dated this 18th day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4